MEMORANDUM **
Varinder Singh, a native and citizen of India, petitions for review of an order of *437 the Board of Immigration Appeals (BIA) summarily affirming a denial of his application for asylum and withholding of removal.[1] The Immigration Judge (IJ) denied the application based on a finding that Singh’s arrests and beatings at the hands of police were not on account of an imputed “political ground or a political theology.” We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition for review.
Where, as here, the BIA affirms an IJ’s decision without opinion, we treat the IJ’s decision as the final agency determination. Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003). The IJ’s factual findings regarding eligibility for asylum are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To prevail, the applicant must show that the evidence not only supports, but compels, the conclusion that the asylum decision was incorrect. Cordon-Garcia v. INS, 204 F.3d 985, 990 (9th Cir.2000).
As an initial matter, government counsel stated before the IJ that she “would stipulate that [Singh] is statutorily eligible” for asylum. She did not question Singh’s credibility, gave no closing argument, and asked him only if he could live safely elsewhere in India. When asked by the IJ for the government’s position, she stated, “if the Court is inclined, we would not oppose.” Given the apparent agreement of the parties, it is surprising that the IJ denied Singh’s application.
Nonetheless, regardless of whether the government stipulated to asylum, the record before us does not support the IJ’s denial of asylum. Singh testified that, during his arrests and beatings, the police repeatedly accused him of being a “Khalistani” — a supporter of an independent Sikh state — and told him they would “teach [him] a lesson because [of his plan] to make a complaint against the police.” The IJ did not make an explicit credibility finding as to Singh’s testimony concerning his prosecution. Thus, this testimony must be deemed credible. See De Leon v. Gonzales, 400 F.3d 1185, 1191 (9th Cir.2005). Taking into account the expressions of motive by the police, Singh demonstrated that at least one of the reasons for his persecution was an imputed political opinion. See Kataria v. INS, 232 F.3d 1107, 1114 (9th Cir.2000); Singh v. Ilchert, 63 F.3d 1501, 1508-09 (9th Cir.1995).
Singh is eligible for asylum. See 8 C.F.R. § 208.13(b)(1).
We GRANT the petition for review and REMAND this case to the BIA so that the Attorney General may exercise his discretion in accordance with 8 U.S.C. § 1158(a).

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Singh does not seek review of that portion of the BIA’s order denying Convention Against Torture (CAT) relief.